UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATTHEW MAMAC, ) <br> ) <br> Defendant. ) | Case No. MJ08-586 <br><br> DETENTION ORDER |

Offense charged:

Count 1: Aggravated Sexual Abuse in violation of 18 U.S.C. § 1153 and 2231(a)(1).

Date of Detention Hearing: December 30, 2008.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant is charged with a violent crime that carries with it a maximum sentence of life imprisonment.

(2) Defendant's criminal record reflects an unwillingness or inability to comply with court orders and directives of supervision. He was, for example, given a no-contact order, relating to his child but failed to comply. This was due to prior suspected assaults on his child.

(3) As part of his pattern of failing to comply with terms of supervision, defendant has multiple violations of driving while license suspended and a failure to appear on his record.

(4) Defendant has no real employment, as his current employment, which is sporadic, would cause him to come into contact with the victim in this case.

(5) Defendant has no place to reside, as his mother's home is inappropriate in light of her own criminal record, and his father and the defendant provided conflicting reports about their relationship that would call into question the appropriateness of this as a place to reside and provide proper supervision.

(6) Defendant's criminal history shows several charges for assault, leading up to the current charge.

(7) Defendant did not discuss alcohol or drug use with Pretrial Services. However, defendant's My Space page contains multiple pictures of the defendant drinking alcohol. In addition, the government has proffered information of the defendant's use of marijuana.

(8) In light of the limited area of the Lummi reservation, it is not possible, as a practical matter to keep the defendant from having contact with the victim, were he to be released.

(9) There are no conditions or combination of conditions short of detention that will reasonably assure the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 30th day of December, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge